## MATTHEWS-LINTON GRAIN CO. v. SHANNON.

No. 3519. Opinion Filed December 22, 1914.

Rehearing Denied December 21. 1915.

(153 Pac. 631.)

1. **PARTNERSHIP—Settlement of Accounts—Action on Agreed Balance—Evidence.** Upon a petition for an agreed balance upon a settlement of accounts between partners as contradistinguished from a petition for an accounting and such balance as may be found thereon, evidence of the actual state of such accounts prior to such settlement is ordinarily inadmissible.

2. **APPEAL AND ERROR—Petition Treated as Amended.** A petition will not be treated as amended to conform to the plaintiff's evidence, where defendant objected to such evidence and the case was not submitted to the jury upon the issues made by such evidence, and the same is controverted by the defendant's evidence.

3. **PARTNERSHIP—Settlement of Accounts—Action on Agreed Balance—Evidence.** Where a petition of one partner against another is for a balance in favor of the petitioner, alleged to have been found and agreed upon in a settlement of the accounts between such partners at a specified time, and the defendant's answer, denying such balance, admits a settlement of such accounts at such time but alleges an agreed balance in his own favor, which plaintiff denies by reply, and, notwithstanding plaintiff produces no evidence in support of his allegation of such agreed balance, but instead and without offer to amend his petition testifies that he is entitled to a balance upon an accounting over defendant's objection, which the defendant controverts by evidence. and the issue made up by such pleadings and not that made up by such evidence is submitted to the jury by the court. the admission of such evidence will be deemed error.

(Syllabus by Thacker, C.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by W. T. Shannon against the Matthews-Linton Grain Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*F. E. Riddle,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

Opinion by THACKER, C.  Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.  Plaintiff's petition contains the following allegations:

"That heretofore, to wit, on or about the 1st day of October, 1909, the plaintiff and the defendant herein, acting by and through its duly authorized secretary and treasurer, F. R. Linton, entered into an oral agreement, whereby it agreed that the plaintiff herein should use and operate a certain corn sheller, then owned by him, and was to buy certain corn on the open market in Grady county, Okla., the defendant herein to furnish sufficient money with which to purchase said corn, and the plaintiff herein to furnish his machinery and labor; and they were to buy and sell corn in Grady county, Okla.  That it was agreed between plaintiff and defendant that whatever profits were made by them should be divided equally between them after all expenses had been paid  That this plaintiff was to communicate with said defendant with reference to the purchase of said corn on the open market, and plaintiff says that under said agreement said defendant furnished him the sum of $1,250.  That he proceeded to buy corn on the open market, and shelled the same with his sheller, and that he, at the request of the defendant, borrowed money on his own notes and credit for the purpose of carrying out the terms of said contract. That plaintiff herein on or about the 4th day of February, 1910, had a settlement with said defendant, and that in said settlement with said defendant the plaintiff and defendant found they had lost in said business transaction the sum of $463.22, and that under said agreement so had the defendants herein were to pay plaintiff one-half of said loss, and that said defendants are at this time in-

debted to plaintiff in said sum of $231.62 together with interest thereon from the 6th day of February, 1910, amounting to $15.05, making a total due plaintiff from said defendant of $246.67."

Defendant's answer contains the following allegations:

"For further answer defendant admits that on the 4th day of February, 1910, it had a complete and final settlement with the plaintiff, and that on said day and date it was agreed between said plaintiff and defendant that the plaintiff was indebted to defendant in the sum of $500 upon said final settlement, and said plaintiff executed and delivered to defendant its certain promissory note in the sum of $500 due six months after date, and executed a certain mortgage to secure the same, and that on the maturity of said note said plaintiff paid the same; that said note was given in payment of balance due defendant, being said final settlement, on the 4th day of February, 1910; and that all transactions between said plaintiff and defendant prior thereto, and as alleged in plaintiff's petition, were finally settled, and the defendant denies that it is indebted to the plaintiff in the sum of $231.62 and interest in the sum of $15.05, or any other sum, and denies that it ever agreed to pay said amount, as alleged."

Plaintiff's reply consists of a general denial. There was a verdict and judgment for the plaintiff for $246.67 under instructions to the jury construing the petition as an action predicated upon the alleged settlement, and thus presenting the issues made by pleadings as above shown.

Only two propositions are urged under five errors assigned; and these may be stated, we think, in one as follows: The action is predicated upon a settlement of mutual accounts, in which a balance of $231.62 in favor

of plaintiff was found and agreed upon; and it is urged that it was error to admit evidence of the actual state of such accounts which did not tend to prove such settlement. The evidence of the plaintiff is in a state of confusion, and is somewhat contradictory in respect to whether there was a settlement; but, upon the whole, we think it tends to prove that there was no settlement as to the accounts between the parties nor balance agreed upon. The evidence of the defendant tends to show that there was a settlement of such accounts, and that in such settlement it was found and agreed that neither party owed the other anything on account of any prior dealings between them, although it further tended to show, and the plaintiff admitted upon the witness stand, that defendant then bought and paid plaintiff $1,000 for a lot of corn, and also loaned him $500, taking his note and mortgage therefor, due six months after date, which he paid at or before maturity.

Notwithstanding the defendant in the trial court urged the objection embodied in the foregoing proposition, which it here urges to the admission of evidence as to the actual state of the accounts, and notwithstanding such evidence did not tend to prove that there had been any such settlement as plaintiff alleges, but, to the contrary, his own evidence shows there was none such, he made no offer to amend his petition.

We might, perhaps, treat the petition as amended to conform to the evidence if the instructions of the court to the jury had presented for their determination the issues made thereby, instead of that made by the pleadings; but we do not think we could do so when it does not appear from the instructions that the case was deter-

mined upon the issue made by the evidence, and plaintiff's evidence in this regard is controverted as in this case.

We think the court erred in admitting this evidence of the actual state of the accounts between these parties, this being a suit by one partner against the other, upon a settlement in the nature of an account stated for an agreed balance ascertained in such settlement, and not for an accounting and such balance as might thereupon be found owing, and such erroneously admitted evidence having a tendency to prejudice the minds of the jurors upon the issue tried. See 1 R. C. L. secs. 18-21, especially section 21; 1 Cyc. 364, 386, 388, and especially, 395, 396. Also see 8 Cyc. 516.

For the reasons stated, this case should be reversed and remanded for another trial.

By the Court: It is so ordered.